UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS MILAM GRIGSBY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-04154-JMS-MJD |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**Entry Granting *In Forma Pauperis* Status, Dismissing Action,
And Directing Entry of Final Judgment**

**I. *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted.**

## II. Screening

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute directs the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Plaintiff Dennis Milam Grigsby resides in Indianapolis, Indiana. He brings this action against the United States of America. He alleges that the United States government violated his rights "with Outrageous Government Conduct and Obstruction of Justice and Invasion of Privacy. Dkt. 1, p. 2.

Mr. Grigsby alleges that "[t]he United States Government, after the plaintiff found out who the FBI, CIA, police and government really are, sabotaged the plaintiff's car, cut his credit and caused him to resort to crime to support himself. It arrested him instead of the Mafia and its own FBI and CIA agents." Dkt. 1, p. 2. He then discusses his beliefs related to how "the Catholic Church is the Beast spoken about in the Bible." Id. He continues, "The United States government further uses demons to identify and track the very criminals they create who figure out what the government really is." *Id*. "The demons and Satan are one with the government and people as doctors have not helped some of the plaintiff's conditions when they should have known what to do. The plaintiff had to find his own cures on the internet and tell the doctor what to do and the doctor still would [ ] do it. It is all one big Devil." *Id*.

Another paragraph in the complaint gives the reader a flavor of Mr. Grigsby's claims:

"The plaintiff is suing because the local police and the Federal Government are one and the same so state cases are as relevant as the plaintiff's Federal cases because they both use demon possessed police officers just like the Bible says to 'Go around like a roaring lion to see whom he can devour.' Knowing real history combined with the 'Substantial assistance' statute protects us."

Dkt. 1, p. 3.

He further alleges that he was "repeatedly arrested in Dayton, Ohio, Columbus, Ohio, Cincinnati, Ohio and was charged with crimes the police knew he hadn't committed. This 'spy game' continued until (as stated before) the plaintiff found out how to defeat the government." *Id.* He also contends that "the government is made up of 'principalities and rulers of darkness." These 'rulers of darkness" use ESP to defeat, find and even steal business ideas which is why WASP's through lawsuit (I speculate) are rich through lawsuits and much maligned by the historians to drive people away from the truth." *Id.*

Mr. Grigsby seeks 1 billion dollars for lost wages, pain and suffering, and future impairment and loss of enjoyment of life. He also requests that the government "release prisoners who have been repeatedly tricked and not properly represented because it already knows who they are." Dkt. 1, p. 4.

Although Mr. Grigsby has made it clear that he believes that he was at some point in time unfairly arrested and convicted, he alleges no facts that would support a civil constitutional claim or federal tort claim against the United States. He has expressed personal beliefs about religion, but no legal claim. Moreover, he cannot bring a claim on behalf of other individuals, *i.e.,* prisoners, because he is not an attorney.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under the law, Mr. Grigsby's allegations are frivolous.

For the above reasons, Mr. Grigsby's claims are **dismissed as frivolous and for failure to state a claim upon which relief can be granted.**

## III. Conclusion

This action is patently frivolous and therefore subject to dismissal under 28 U.S.C. § 1915(e)(2). See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

While under most circumstances, the Court would allow a *pro se* plaintiff an opportunity to attempt to cure deficiencies in the complaint before dismissing the action, *see Luavano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013), this case is an exception to that rule. The deficiencies in the complaint and what the plaintiff seeks for relief are so fundamentally flawed that no conceivable amendment could cure them.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/17/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DENNIS MILAM GRIGSBY
812 E. 10th St.
Apt. 3
Indianapolis, IN 46202